UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TRUSTEES OF EMPIRE STATE
CARPENTERS ANNUITY, APPRENTICESHIP,
LABOR-MANAGEMENT COOPERATION,
PENSION and WELFARE FUNDS,

        Plaintiffs,

  -against-

JJJ CONCRETE CORP. and RELL CONCRETE
CORP.,

        Defendants.
-------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ FEB 2 4 2015 ★

LONG ISLAND OFFICE

**ORDER**
13-CV-4363(SJF)(ARL)

FEUERSTEIN, District Judge:

  Pending before the Court is the Report and Recommendation ("the Report") of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated January 29, 2015: (1) recommending (a) that plaintiffs' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be denied in its entirety, (b) that the branch of defendants' motion seeking summary judgment dismissing plaintiffs' claim that they are alter egos and, therefore, both bound by the terms of a Collective Bargaining Agreement executed by defendant JJJ Concrete Corp. ("the CBA") be granted, and (c) that defendants' motion for summary judgment otherwise be denied; and (2) advising the parties, *inter alia*, (a) that "[a]ny objections to th[e] Report * * * must be filed with the Clerk of the Court within 14 days[,]" (Report at 17), and (b) that a "[f]ailure to file objections within th[e] [fourteen (14)-day] period waives the right to appeal the District Court's Order[,]" (id.) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Wagner& Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); and Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996)). A copy of the Report was served upon all

1

parties via the Court's electronic case filing ("ECF") system on January 29, 2015. (Docket Entry ["DE"] 51). No party has filed any objections to the Report, nor sought an extension of time to do so. For the reasons stated herein and in the Report, Magistrate Judge Lindsay's Report is accepted in its entirety.

I.   Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Specifically, where, as here, a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted), his "failure to object timely to [that] report waives any further judicial review of the report." Id.; see also Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993).

"Although this rule applies equally to counseled and *pro se* litigants, it is 'a nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of justice.'" King v. City of New York, Department of Corrections, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting Roldan, 984 F.2d at 89); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great

2

Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000); see also King, 419 F. App'x at 27 (accord).

II.  Review of Report

Although the Report provided the parties with the requisite "express warning" of the consequences of a failure to timely file objections thereto, Caidor, 517 F.3d at 603, no party has filed any objections to Magistrate Judge Lindsay's Report, nor sought an extension of time to do so. Accordingly, the parties have "waive[d] any further judicial review of the findings contained in the [R]eport." Spence, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, (1) plaintiffs' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied in its entirety; (2) the branch of defendants' motion seeking summary judgment dismissing plaintiffs' claim that they are alter egos and, therefore, both bound by the terms of the CBA is granted and that claim is dismissed in its entirety with prejudice pursuant to Rule 56 of the Federal Rules of Civil Procedure; and (3) defendants' motion for summary judgment is otherwise denied.

III.  Conclusion

For the reasons set forth herein and in the Report, Magistrate Judge Lindsay's Report is accepted in its entirety; plaintiffs' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied in its entirety; the branch of defendants' motion seeking summary judgment dismissing plaintiffs' claim that they are alter egos and, therefore, both bound by the terms of the CBA is granted and that claim is dismissed in its entirety with prejudice pursuant to Rule 56 of the Federal Rules of Civil Procedure; and defendants' motion

for summary judgment is otherwise denied. A final pretrial conference is scheduled to be held before me on **March 12, 2015 at 11:15 a.m.** and the bench trial of the remaining issues in this action will commence, as previously scheduled, on **March 23, 2015 at 10:00 a.m.**

SO ORDERED.

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: February 24, 2015
       Central Islip, New York